ASOMA CORPORATION, Plaintiff,

v.

M/V SEADANIEL, her engines, boilers, tackle, etc., Fortune Sea Transport Corp., Ocean Tramping Co. Ltd., Canadian Forest Navigation Co. Ltd., Defendants.

FORTUNE SEA TRANSPORT CORP., Third-Party Plaintiff,

v.

MAINLAND SHIPPING LTD., Third-party Defendant.

No. 96 CIV 2390 (SS).

United States District Court, S.D. New York.

July 18, 1997.

---

Harold M. Kingsley, Andrew C. Tsunis, Kingsley & Kingsley, Hicksville, NY, for Asoma Corp.

R. Brett Kelley, Leroy S. Corsa, Walker & Corsa, New York City, for Fortune Sea Transport Corp.

Edward A. Keane, Mahoney & Keane, New York City, for Canadian Forest Navigation, Co. Ltd.

## OPINION AND ORDER

SOTOMAYOR, District Judge.

Defendant, Canadian Forest Navigation Co. ("Canadian Forest"), moves this Court to dismiss or stay the proceeding commenced by ASOMA Corporation ("ASOMA") pending arbitration in London. Co-defendant, Fortune Sea Transport Co. ("Fortune Sea"), similarly requests a stay of this action pending arbitration. For the reasons discussed below, I deny both the motion to dismiss and the motion to stay the proceeding pending arbitration.

## FACTUAL BACKGROUND

On March 17, 1995, Metall Und Tohstoff A.G. ("M.U.R.") on behalf of plaintiff, ASOMA Corporation, entered into a voyage charter party with defendant, Canadian Forest. Under the charter party, approximately 10,-000 metric tons of steel were to be shipped aboard the M/V Seadaniel from Ilychevsk, Ukraine to Detroit, Michigan. On October 4, 1995, two bills of lading were issued to M.U.R., as consignee. After the discharge of the cargo was completed on May 31, 1995, ASOMA commenced this action in the Southern District of New York against Canadian Forest and the owner of the M/V Seadaniel, Fortune Sea for alleged cargo damage.[1] ASOMA also initiated an action *in rem* against the M/V Seadaniel.

Canadian Forest contends that this Court should either stay the action pending arbitration or dismiss the proceeding pursuant to Clause 29 of the charter party. In pertinent part, Clause 29 provides: "This Charter shall

---

1. Although Ocean Tramping Co. Ltd. ("Ocean Tramping") is a named defendant, it has never appeared before the Court. Attorney for plaintiff is unable to confirm with certainty that Ocean Tramping was actually served by ASOMA. By the next conference date in this action, ASOMA should explain to the Court why it should not dismiss the action against Ocean Tramping.

be governed by and constructed in accordance with English Law and any dispute arising out of the Charter shall be referred to arbitration in London. One arbitrator being appointed by each party." Co-defendant Fortune Sea also seeks to stay the entire proceeding pending arbitration by relying on a provision in the bills of lading which provides: "Subject to all terms and conditions of the charter party dated March 17th 1995 including arbitration clause." ASOMA, however, asserts that Clause 29 is not binding because Clause 46 of the charter party restricts the scope of arbitration. Clause 46 provides that "Any arbitration clause in this contract shall not apply to claims for cargo loss and damage but such claims shall be brought in the United States District Court for the Southern District Court of New York, to which jurisdiction Owners hereby consent." Because its claims involve cargo damage, ASOMA maintains Clause 46 controls and that this action is properly brought in the Southern District of New York.

## DISCUSSION

### I. The Scope of the Charter Party's Arbitration Clause

 There is a strong presumption favoring arbitrability in federal courts, particularly if the clause encompasses and covers "any differences" arising with respect to interpretation of the agreement. *See AT & T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 650, 106 S.Ct. 1415, 1419, 89 L.Ed.2d 648 (1986); *Progressive Casualty Ins. Co. v. C.A. Reaseguradora Nacional De Venezuela*, 991 F.2d 42, 47 (2d Cir.1993). Yet even when the agreement contains a broad arbitration clause, a dispute is not arbitrable if (1) an express provision in the collective bargaining agreement excludes the particular grievance from arbitration, or (2) "forceful evidence of a purpose to exclude the claim from arbitration" is presented. *AT & T Techs.*, 475 U.S. at 650, 106 S.Ct. at 1419; *see also Woodcrest Nursing Home v.*

*Local 144*, 788 F.2d 894, 898 (2d Cir.1986) (per curium).

In the present action, Clause 29 of the Charter Party seemingly requires the parties to arbitrate "any dispute" arising out of the contractual agreement. Clause 46 of the Charter Party, however, expressly limits the broad scope of this arbitration provision. Clause 46, in full, provides:

U.S. Clause paramount should read as follows:

Clause Paramount: *Notwithstanding any other provision in this contract, any claims for damage or loss to cargo shall be governed by the Hague–Visby Rules, and any other clause herein repugnant to the Hague–Visby Rules shall be null and void and of no force and effect as respect to cargo claims.*

·Any clause in this contract allocating responsibility or risk with respect to loading, stowing, stevedoring, lashing, securing, dunnaging and delivery shall be deemed to apply only as price terms, and shall not be interpreted to alter in any way the responsibilities of the Owner and the ship as carriers as defined in the Hague Rules as respects to claims for cargo loss and damage. *Any arbitration clause in this contract shall not apply to claims for cargo loss or damage* but such claims shall be brought in the United States District Court for the Southern District of New York, to which jurisdiction Owners hereby consent. (emphasis added).

Fortune Sea asserts that Clause 46 does not prevent ASOMA from arbitrating its cargo damage claims because Clause 38 of the Charter Party creates an ambiguity about the applicability of the Hague–Visby Rules, and therefore the arbitration clause to the Charter Party. Clause 38 incorporates a General Clause Paramount which calls for the application of the Hague–Visby Rules only in situations where the country of destination has itself adopted the Hague–Visby Rules.[2] Here, the country of destination, the

---

**2.** The General Clause Paramount which is found on the back of the bill of lading provides:

The Hague Rules contained in the International Convention for the Unification of certain

rules relating to Bills of Lading, dated Brussels the 25th August 1924 as enacted in the country of destination shall apply, but in respect of shipments to which no such enactments are

United States of America, has not adopted these Rules. Clause 46, on the other hand, requires the application of the higher limitation incorporated in the Hague–Visby rules to all situations involving cargo damage, even if the destination country has not. Fortune Sea relies on case law which requires that an order to arbitrate "should not be denied unless it may be said with positive assurance that arbitration is not susceptible to interpretation ... doubts should be resolved in favor of coverage." *AT & T Techs.*, 475 U.S. at 650, 106 S.Ct. at 1419. *See also United Steelworkers of America v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1983); *Rochdale Village, Inc. v. Public Service Employees Union*, 605 F.2d 1290 (2d Cir.1979). According to Fortune Sea, the distinction between Clause 38 and Clause 46 is enough to create an ambiguity about whether Clause 38 and 46 apply to the contract and thus justifies staying the action pending arbitration.

The Court disagrees that any such ambiguity exists. The explicit use of the phrase, "Notwithstanding any other provision *in this contract* ..." plainly indicates that claims regarding cargo damage are an exception to all other clauses in the contract, including the arbitration provision in Clause 29 and the damage-limitation provision in Clause 38. (emphasis added). Moreover, Clause 46 differentiates the application of other clauses in the contract, like that in Clause 38, to price terms in contrast to cargo claims which are subject to the Hague–Visby Rules in all situations.

■ The Second Circuit has refused to extend an arbitration clause in the face of a limiting provision that dictated otherwise. *See Maryland Cas. Co. v. Realty Advisory Bd. on Labor Relations*, 107 F.3d 979 (2d Cir.1997) (holding that the presumption in favor of arbitrability extended to broadly written arbitration clauses does not apply when the broad scope of an arbitration clause is expressly limited by another provision in the contract). Arbitration is a matter of contract and a party cannot be forced to arbitrate a claim it never agreed to submit to arbitration. *AT & T Techs.*, 475 U.S. at 643, 648, 106 S.Ct. at 1415–16, 1418; *Thomson–CSF v. American Arbitration Assoc.*, 64 F.3d 773 (2d Cir.1995). *See also PaineWebber, Inc. v. Hofmann*, 984 F.2d 1372, 1381 (3d Cir.1993); *Transit Mix Concrete Corp. v. Local Union No. 282*, 809 F.2d 963, 967 (2d Cir.1987). Thus, while there is a strong policy favoring arbitration, this Court cannot broadly construe an agreement to encompass claims that were not specifically intended by the original contract. *See United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 1352–53, 4 L.Ed.2d 1409 (1960). *See also Thomson–CSF*, 64 F.3d at 775; *Butchers v. Hebrew National Kosher Foods*, 818 F.2d 283, 286 (2d Cir.1987); *In the Matter of Arbitration Between Coastal Shipping, Ltd. and Southern Petroleum Tankers, Ltd.*, 812 F.Supp. 396, 399 (S.D.N.Y.1993).

■ In the instant Charter Party, the plain and unambiguous language of Clause 46 reveals the actual intent of the parties. Although many claims arising from the Charter Party would be subject to arbitration, Clause 46 clearly precludes cargo damage claims from qualifying as an arbitrable issue. Further, Clause 46 trumps the limitation provision in Clause 38 by carving out an exception for cargo damage claims. Despite Fortune Sea's attempt to construe a contractual uncertainty, the language of an agreement is not made ambiguous simply because the party urges a different interpretation. *See Corcovado Music Corp. v. Hollis Music, Inc.*, 981 F.2d 679, 684 (2d Cir.1993). *See also Seiden Assocs. v. ANC Holdings*, 959 F.2d 425 (2d Cir.1992). Nor does ambiguity exist where "one party's view strain[s] the contract language beyond reasonable and ordi-

compulsorily applicable, the terms of the said Convention shall apply.
*Trades where Hague–Visby Rules apply.*
In trades where the International Brussels Convention 1924 as amended by the Protocol signed at Brussels on February 23rd 1968—the Hague–Visby Rules—apply compulsorily, the

provisions of the respective legislation shall be considered incorporated in this Bill of Lading. The Carrier takes all reservations possible under such applicable legislation, relating to the period before loading and after discharging and while the goods are in the charge of another Carrier, and to deck cargo and live animals.

nary meaning." *Seiden Assocs.,* 959 F.2d at 428.

## II. *The Question of the Incorporation of Clause 46*

Defendants further maintain that Clause 46 does not bind the parties because it is not fully incorporated into the Charter Party. Clause 38 expressly states that the General Clause Paramount is "deemed to be incorporated into this Charter Party." In contrast, Clause 46 does not expressly incorporate its Clause Paramount, but merely states, "U.S. Clause Paramount should read as follows ..." The defendants ignore, however, one major detail that overrides the distinction between the two clauses. The very front page of the contested Charter Party, line 21, provides: "Additional clauses from 18 to 49 (both inclusive) are deemed to be fully incorporated in this Charter Party." This provision therefore expressly incorporates Clause 46, and subsequently limits the arbitration clause in Clause 29 to claims unrelated to cargo damage.

In cases where the courts have refused to enforce a particular provision, its incorporation was questionable because of an ambiguity in the contract's language. For example in *Associated Metals & Minerals Corp. v. S/S Jasmine,* 983 F.2d 410 (2d Cir.1993), the Court held that a mere reference to the Carriage of Goods by Sea Act in a Charter Party was not sufficient to incorporate the limitations contained in the statute.[3] Rather, the Court stated that "the parties must clearly indicate their intention to incorporate the provision into the charter party itself." *Id.* at 413. Unlike the contract in *Jasmine,* the instant Charter Party does not suffer from the same level of uncertainty. Line 21 of the Charter Party unambiguously expresses the parties' intent by using the explicit language of "fully incorporated" to ensure the integration of clauses 18 to 49 into the agreement. Thus, the Court is not persuaded by the defendants' attempt to disqualify Clause

46 as unincorporated when the Charter Party explicitly states, that it is, in fact, incorporated.[4]

### CONCLUSION

For the reasons discussed above, both Canadian Forest's motion to dismiss and Fortune Sea's and Canadian Forest's motion to stay the action pending arbitration are **DENIED.** At the conference, the parties are to bring a case management plan for discussion.

**SO ORDERED.**

---

**3.** *See also Cargill, Inc. v. M/V Golden Chariot,* 31 F.3d 316 (5th Cir.1994) (holding that bill of lading did not incorporate charter party solely because it referred to Charter Party).

**4.** ASOMA also argues that its *in rem* cargo damage claim against the M/V Seadaniel should not be subject to arbitration because the claim is based primarily in tort. By denying defendants' motions to stay the action pending arbitration, the Court does not need to address this issue.